William G. Easton, J.
This is a motion by the plaintiff for a protective order pursuant to CPLR 3103 (subd. [a]) denying or limiting the taking of the deposition of the plaintiff on the grounds that it will cause unreasonable annoyance and undue hardship because the notice requires plaintiff to produce the following : “ all records, memorandums, purchase offers, contracts of sale, business records, reports, letters and correspondence regarding the sale of the real estate in the residential development known as Plymouth Colony, for the years 1963 through 1968 ”.
This action arises out of rezoning by the Town of Pittsford, Monroe County, New York, of a plot of land from Residential A to Residential B for the purpose of permitting the construction *527 and maintenance of a branch. YMCA building. Plaintiff seeks to nullify the rezoning on the ground that it is unconstitutional and in part alleges in his complaint as follows:1 ‘ the desirability and value of the property of the plaintiff and other property owners in the immediate area, as expensive houses for residential purposes will be sharply diminished, destroyed and depreciated by reason of the impairment and destruction of the enjoyment of the plaintiff’s property as private residential dwellings, because the said Ordinance or Amendment authorizes the con-i struction of a quasi-commercial establishment such as a branch of the YMCA.
‘ ‘ That by reason of the aforesaid illegal and void Ordinance or Amendment, the salability or marketability of plaintiff’s property is and will be greatly diminished and the plaintiff will suffer considerable damage to the value of his property together with substantial depreciation of the value of his property by reason of the proposed construction and maintenance of a quasi-commercial establishment such as a branch of the YMCA immediately adjacent to and in the immediate vicinity of plaintiff’s property and by reason of the dangerous over-taxing of inadequate highway, road and public utilities.”
It is precisely upon the plaintiff’s allegations above quoted that the defendants have noticed the examination before trial of the plaintiff demanding production of the records, etc., as above outlined in the notice of motion. The rezoning became effective in July of 1965 and the records sought extend backward for two years prior to such rezoning. The plaintiff’s prayer for relief also asks for an injunction prohibiting the defendant YMCA from initiating construction on the premises.
The plaintiff has brought into issue the question of the dimunition and destruction of the desirability and value of his neighboring property by reason of the rezoning. Therefore it is very pertinent and proper that the defendants be entitled to thoroughly examine the plaintiff before trial on that subject and to compel the plaintiff to produce records to substantiate his contention. Such testimony is relevant and has been held to be admissible in evidence. (Chusud Realty Corp. v. Village of Kensington, 40 Misc 2d 259; Udell v. McFadyen, 40 Misc 2d 265.) The fact that the plaintiff’s properties may have been reduced in value as he alleges in his complaint is not conclusive on the question of constitutionality of the rezoning of a neighboring parcel but a comparison of values before and after the rezoning is relevant and will be admitted into evidence. (Goldblatt v. Hempstead 369 U. S. 590.) The claim that the rezoning as to the plaintiff’s properties is confiscatory is predicated on *528 an alleged reduction in value on those properties and their salability. Hence, evidence of values before and after the rezoning is relevant. This motion for a protective order must be denied.